## S. E. HARDWICK *v.* DANIEL CROW, ET AL.

**Married Women—Contracts.**

    The assignment of notes made by a married woman cannot convey title to the notes.

**Contracts.**

    When the disabilities of a married woman are removed, she cannot be compelled to execute a contract entered into during the existence of her coverture.

APPEAL FROM POWELL CIRCUIT COURT

March 23, 1875.

OPINION BY JUDGE PETERS:

At the time the two notes on Crow were assigned by appellant to appellee, Clark, she was laboring under the disability of coverture, as she was when the house and lot were sold by Clark to her, and when she contracted to sell her land to Crow; and for the same reason that the contract for the sale of her land to Crow was set aside, the assignment made by her of the notes she held on Crow to Clark should have been set aside. When her disabilities were removed, she could not be compelled to execute a contract entered into during the existence of her coverture. The court, therefore, erred in rendering judgment against her for the amount of the two notes on Crow assigned by her to Clark.

As to so much of the judgment as allowed Crow credit for the $100 paid by him to Clark on his account for rents, it is approved. The evidence conduces to show that she put Crow in possession of the land, and the payment to Clark was by her direction; and it should be regarded as a payment to her. While a court of equity will relieve her of her contract with Crow because of her coverture, the court will not aid her to impose a wrong on him. He seems to have acted in good faith, and should be credited with the money paid for her benefit.

The judgment in favor of Clark for the amount of the two notes assigned to him on Crow, and the costs of the suits therein named against appellant, is *reversed,* and the cause is remanded with directions to dismiss Clark's petition against appellant.

*Turner & Holt, for appellant.*
*J. B. Huston, for appellees.*